Avery, J.
The distinct relief sought by the bill is, that Goshorn and wife exhibit their title, and that the Court decree that they release to the complainant all the right, title and interest they now set up, and if they be found not to have any title or interest, that complainant’s title be quieted against the claims of the defendants. There is no prayer, indeed, in this bill, for the specific execution of a contract; still, if there is any title or interest in the premises, left in this married woman, the bill seeks to obtain it, and seeks fo do this by a decree of the Court. *123 It is, in effect, nothing less than compelling a married woman to convey what she intended, but failed to convey by her Has the Court authority, upon principle or precedent, to do either under its common equitable jurisdiction, or ■ by virtue of any further authority, supposed to be found in the fourteenth section of -the act directing the mode of proceeding in Chancery ? That section, (Swan’s St. p. 703) or so much of it as may be of use in the present inquiry, is as follows: “ Any person having the legal title and possession of lands, may file a petition against any other person setting up a claim thereto; and if the- complainant establishes his title to said lands, the defendant shall be decreed to release his claim.”
The bill, as alleged in the argument, is brought to quiet title, and founded on the above section. The complainant claims the “legal title and possession,” and one of the defendants, Lorenia Goshorn, “ sets up a claim thereto,” in reversion, after her husband’s death.
Founding the right to proceed, upon this section alone, it is not any equitable title to the premises, but the legal title which must be shown to be in the complainant. This title, if he has it, is claimed from a deed made an exhibit in this case, executed by the defendants, Goshorn and wife, to Bishop Fenwick. Had the husband, when the deed was given, been the owner in fee simple, without any doubt, the title in fee would have passed ; it is a deed precisely adapted to such a state of the title. It is the husband alone that grants and conveys throughout the entire body of the deed; her name is never there mentioned but once, and then just as it would have been, had the husband owned the land, and the wife possessed only a contingent dower interest. At the end of the deed the same appearance is kept up, and there the wife relinquishes her dower. Had the husband been the owner, then the conveyance would have been perfect and the complainant would have needed no assistance from, a Court of Chancery.
• Now by what principle can a Court of equity take this deed, which is regular and perfect upon its face, drawn strictly ac *124 .cording to the statute, to convey a fee by the husband and dow1 er by the wife, and alter it, so that it shall convey a fee simple, • instead of a dower interest by the wife ? There is not a word of grant by the wife, nor any thing equivalent to it in all the deed. This deed, by its terms and at law, does not convey any fee from the wife. The authorities produced, show that no fee of her’s in the land, passed by a deed so drawn. A life estate passes by this, deed, and that is a legal title, which may satisfy the demands of the statute. But to this neither of the defendants sets up any claim ; a case therefore seems not to be made out under the statute. No precedent, as it is supposed, can be found, of a decree against a feme covert to convey lands,, held by descent or by the usual conveyance, upon the ground of her having agreed to convey, or her having executed any defective conveyance, whether upon a full consideration paid or not; and the fraud of the wife in the transaction would make no difference. That a mistake in a deed cannot be corrected against a married woman, was decided in the case of Carr v. Williams, 10 Ohio Rep. 305.
But it is contended, that there is nothing in the case, as stated, that has reference to the principles governing the specific execution of contracts. And no relief is asked because the deed was drawn differently from the instructions given to the draftsman. The difficulty all arises, it is said, from a clerical error; and this error may be corrected even in the case of a married woman, by a Court of equity. What is termed a clerical mistake or error, can be corrected at law as well as in chancery. If it is obvious, as such a mistake must be, upon the face of the instrument, it will always remain so, and lapse of time will not increase the difficulty of correcting it; the correction will be made, or treated as made, whenever occasion shall require it.
There is nothing in this deed, which, in the opinion of the Court, has the character of such an error. To alter it in such a manner as to conform to what may have been the intention of the grantees, would be equivalent to making a new deed. This, against a married woman, cannot be done.
*125 The deed, after the usual words of grant by Nicholas Goshorn alone, of the fee simple, to Bishop Fenwick, and for consideration expressed of $1,218 75, describes by metes bounds the premises so conveyed in fee; then immediately following is this clause, “ and all the estate, right, title, interest, claim and demand of them, the said Nicholas Goshorn and Lorenia his wife, in and to the premises and every part thereof.” This is much relied upon as evidence, that it is by a mere clerical mistake, that no words of grant, by the wife, appear in the deed. But all these words are entirely consistent with an intention, on her part, not to part with her fee in the land, and would be appropriate words to convey a less estate, to wit, a dower interest.
The fact further, that a full consideration was paid for the fee, that, to the words, “ to have and to hold the premises hereby bargained and sold,” are added, the words, “ or meant, or intended so to be,” together with the reference in the second deed, to the conveyance of the premises in the first, all may show strongly, that the land ought to have been conveyed in fee by the deed, and warrant the exercise of the equitable power of the Court, if any such is found to exist, in decreeing that to be done, which ought to have been done by the parties. But all this, we think, does not prove that here is only a clerical mistake which needs to be rectified.
There must be a decree against the complainant.